1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
8                             AT SEATTLE
9

10   UNITED STATES OF AMERICA,  )
                                )
11              Plaintiff,       )      CASE NO.   CR04-524 RSL
                                )
12          v.                   )
                                )
13                               )      DETENTION ORDER
     ARMOND JOE NUNEZ,           )
14                               )
                Defendant.       )
15   _____ )

16   Offenses charged:

17          Count I:      Conspiracy to Distribute Marijuana, in violation of Title 21, U.S.C.,

18                        Sections 841(a)(1), 841 (b)(1)(B), and 846;

19          Count II:     Possession with Intent to Distribute Marijuana, in violation of Title

20                        21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B) and Title 18,

21                        U.S.C., Section 2.

22   Date of Detention Hearing:  January 19, 2006

23          The Court, having conducted a contested detention hearing pursuant to Title 18

24   U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention

25   hereafter set forth, finds that no condition or combination of conditions which the defendant

26   can meet will reasonably assure the appearance of the defendant as required and the safety

DETENTION ORDER
PAGE -1-

of any other person and the community.  The Government was represented by Sarah Vogel. The defendant was represented by Thomas Hillier.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)  There is probable cause to believe the defendant committed the drug offense.  The maximum penalty is in excess of ten years.  There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2)  Nothing in this record satisfactorily rebuts the presumption against release for several reasons.  Under Title 18 § 3142 (g), the Court considered the following:

(a)  Defendant had just completed serving state probation for a similar offense when the alleged crime occurred.

(b)  Although Defendant surrendered, it was two years after being on fugitive status and with the knowledge of a federal investigation underway.

Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l)  The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  The defendant shall be afforded reasonable opportunity for private consultation with counsel;

DETENTION ORDER
PAGE -2-

(3)     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 22nd day of January, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-